March 29, 1977

## 77–15  MEMORANDUM OPINION FOR THE SPECIAL ASSISTANT OFFICE OF THE SECRETARY OF DEFENSE

### Liability of Government for Retroactive Veterans' Benefits Where Discharges Are Upgraded

We have reviewed the proposed Discharge Review Program sent to the Attorney General by your letter of March 9, 1977, with regard to the question of the Government's liability to pay retroactive veterans' benefits to recipients of upgraded discharges who become entitled to such benefits by reason of their receipt of an upgraded discharge. As more fully explained below, it is our opinion that the issuance of upgraded discharges under the Discharge Review Program will not impose any substantial liability on the Government for retroactive veterans' benefits.

Section 3010 of Title 38, United States Code, establishes the basic rules for determining the effective dates of awards of veterans' benefits. In effect, for purposes of the Discharge Review Program, this section divides all potential recipients of upgraded discharges who are entitled to veterans' benefits into two categories: (1) those who have previously applied for benefits and have had their claims denied because of the character of their discharges; and (2) those who never applied for benefits prior to their receipt of upgraded discharges, presumably because they knew they were not entitled to benefits due to the dishonorable character of their discharges.

A veteran within the first category who becomes eligible for veterans' benefits by reason of the Discharge Review Program will be entitled to benefits commencing on whichever of the following is later: (1) when he files for review of his discharge under the Discharge Review Program; or (2) the date when the disallowed claim was filed. 38 U.S.C. § 3010(i). Thus, such a veteran would not be entitled to retroactive benefits for the period preceding his application for an upgraded discharge. Of course, under § 3010(i) he would be entitled to retroactive benefits for the interval between his filing for a discharge review and the award of a discharge qualifying for veterans' benefits,

assuming, as would most likely be the case, that his disallowed claim preceded his application for review of his discharge. A further limitation in this subsection provides that no retroactive award may be made for any period more than one year prior to the reopening of the claim; *i.e.,* if the newly eligible veteran delays in reopening his claim for veterans' benefits more than one year after he applied for his upgraded discharge, any retroactive benefits awarded will be limited to 1 year.

With respect to the second category, benefits generally will be payable from a time not "earlier than the date of receipt of application therefor." 38 U.S.C. § 3010(a). Thus, with respect to most new claims for benefits from recipients of upgraded discharges who had not previously sought benefits, no claim for retroactive benefits will lie. However, certain types of benefits may be awarded retroactive to the event giving rise to the entitlement for benefits provided the claim is filed within one year of such event. 38 U.S.C. § 3010(b)-(h), (j)-(l), (n). However, since the veterans in question all were discharged on or before March 28, 1973, most of the events giving rise to an entitlement for benefits will have taken place more than a year ago and hence even the limited one-year retroactivity entitlement is barred. In those unusual cases where the event giving rise to benefits occurred within the past year, such as where an old service-connected injury resulted in permanent and total disability within the past year (§ 3010(b)(2)), or when an old service-connected injury resulted in death during the past year (§ 3010(g)) (assuming that the Discharge Review Program will consider applications on behalf of decedents), the possibility exists of an award of benefits back to the date of the event, if within 1 year. We understand that the Veterans Administration estimates that the proportion of veterans who would be entitled to any such retroactive payments would be small.

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*

47